## BELOATE *v.* BELOATE

### Opinion delivered July 5, 1920.

MORTGAGES—FORECLOSURE DECREED UNDER GENERAL PRAYER.—In a suit to quiet title in which defendant filed a cross-bill asking that his rights under the mortgage be fixed "and for all proper relief," the court properly rendered a decree foreclosing defendant's mortgage.

Appeal from Clay Chancery Court, Western District; *Archer Wheatley,* Chancellor; affirmed.

*C. T. Bloodworth* and *J. E. Anderson,* for appellant; *Oliver T. Massey,* of counsel.

This is the second appeal in this case, and the former decree of this court is the law of the case and settles the issues, as shown by the pleadings. Appellant has the superior equity as settled on former appeal. The decree here is not in conformity with the law as settled by this court. A decree must conform to the proceedings and facts set out. 90 Ark. 241; 30 *Id.* 612.

*Oliver & Oliver,* for appellee.

The prayer of the cross-complaint of appellee is both specific and general, and under the general prayer relief was properly granted. 15 Ark. 555; 19 *Id.* 62; 39 *Id.* 531; 47 *Id.* 31. The law of this case was settled on the former appeal and the decree is in accordance with the mandate of this court. 90 Ark. 341. The presumption is that the finding and decree were based upon legal and sufficient evidence and should be affirmed.

HUMPHREYS, J. A controversy arose between appellant and appellee as to the ownership of lot 3 and 20 feet off of the north side of lot 2 in Corning, Arkansas. The property was formerly owned by Mrs. N. E. Beloate, their mother.

Appellant claimed the property under an agreement by their father, C. R. Beloate, in his lifetime, to devise said real estate to him on account of advances of money.

Appellee claimed the land under a mortgage executed to him by their father, C. R. Beloate, and mother, N. E. Beloate, on May 20, 1910, to secure borrowed money in the sum of $1,239.40.

The controversy resulted in a suit in the Clay Chancery Court, Western District, instituted by appellant against appellee, to determine whether appellant, by reason of his contract, or appellee, by reason of his mortgage, had the prior equity in the land. The suit instituted by appellant was for the purpose of quieting his title to said land as against the mortgage lien of appellee. By way of answer and cross-bill, appellee asserted his mortgage lien. The prayer in the cross-bill was as follows: "Wherefore said defendant (appellee) prays that the complaint of the plaintiff (appellant) be dismissed for want of equity; that the rights of the defendant (appellee) in and to the property described in his said mortgage be fixed and determined, and his lien be declared as against plaintiff (appellant) * * * and for all proper relief." At the time the suit was instituted, Mrs. N. E. Beloate was still living. The mortgage in question contained a provision that it should not be foreclosed during the life of the mortgagors, C. R. and N. E. Beloate.

The trial court in that case, by decree, deprived appellee of any priority of lien on the property described in the mortgage. From that decree, appellee prosecuted an appeal to this court. The decree in that respect was reversed and the cause remanded with directions to the chancery court to enter a decree dismissing the bill of W. E. Beloate to quiet the title to said land and to enter a decree in favor of C. V. Beloate foreclosing his mortgage, in accordance with the prayer of his bill.

Upon remand of the cause, the chancery court found that both mortgagors had died; that the indebtedness, with interest was due, and rendered a decree for paramount lien, foreclosure and sale, in accordance with the mandate. From the decree of foreclosure and sale, an appeal has been duly prosecuted to this court.

It is insisted by appellant that the decree of fore-closure and sale was not within the issues or prayer of the suit, and could only be made so by a supplemental or original bill. It is true that the specific prayer of the cross-bill was that appellee's lien, by virtue of his mort-gage, be declared paramount to appellant's rights in the property, but it is also true that there was a general prayer for relief. Under this general prayer, it was proper to render a decree of foreclosure and sale upon ascertainment that the mortgagors were dead and the debt due. According to the face of the decree, these facts were first ascertained. Not only was the decree rendered within the general prayer of the bill, but the mandate of the court specifically ordered the trial court to decree a foreclosure. It was the duty, therefore, of the chancery court to decree in accordance with the mandate.

No error appearing, the decree is affirmed.